Filed 8/29/13  P. v. Castro CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HERNAN CASTRO,<br><br>    Defendant and Appellant. | G046541<br><br>(Super. Ct. No. 10CF0982)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on July 31, 2013, be modified as follows:

The paragraph commencing at the bottom of page 9 with "Thus, in the first instance," and ending at the top of page 10 with "is without merit" is deleted in its entirety.

At the end of what will become the last paragraph on page 9, after the following citation:  "(See *People v. Musselwhite* (1998) 17 Cal.4th 1216, 1248 [""'"[t]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction"'"'].)" insert the following:

Defendant "has not shown the trial court's unanimity instruction was reasonably likely to have been interpreted by the jury in the manner he suggests." (*People v. Milosavljevic* (2010) 183 Cal.App.4th 640, 649.)  Defendant's appellate contention is without merit.

The petition for rehearing is DENIED.

There is no change in the judgment.


_____
IKOLA, J.

WE CONCUR:


_____
MOORE, ACTING P. J.


_____
FYBEL, J.

Filed 7/31/13 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G046541 |
|      v. | (Super. Ct. No. 10CF0982) |
| HERNAN CASTRO, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, M. Marc Kelly, Judge. Affirmed.

Michelle May, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Hernan Castro of battery (count 1; Pen. Code, § 242),[1] kidnapping for the purpose of committing a lewd act (count 2; § 207, subd. (b)), and three counts of lewd acts against a child under 14 years of age (counts 3-5; § 288, subd. (a)).  The jury also found, pursuant to a prior applicable version of section 667.61 (i.e., the "One Strike" Law), that the lewd acts were committed against more than one victim and that defendant kidnapped the victim of one of the lewd act counts.  The trial court sentenced defendant to 30 years to life in state prison, based on two consecutive 15 years to life sentences on counts 3 and 4, as well as a concurrent 15 years to life sentence on count 5.  The court did not impose a sentence on counts 1 or 2, noting these counts were stayed pursuant to section 654.  We reject each of defendant's claims on appeal and affirm the judgment.

FACTS

Defendant's convictions arose out of three separate incidents involving two separate victims.

*Victim No. 1*

Victim No. 1 was nine years old in 2005.  On one occasion in 2005, defendant invited victim No. 1 into the garage so he could pay her money for making the honor roll.  Defendant asked for a kiss; victim No. 1 "pecked" defendant on the cheek.  Defendant then "put his tongue in [victim No. 1's] mouth."  Defendant touched victim

---

[1] All statutory references are to the Penal Code.  The charged offense on count 1 was sexual penetration of a child 10 years or younger (§ 288.7, subd. (b)), but the jury acquitted defendant of this charge and convicted him of the lesser included offense of battery.

2

No. 1's buttocks over her clothes. Victim No. 1 did not immediately tell anyone about this incident.

On another occasion a few months later, defendant took victim No. 1 with him to the market. When they returned home, defendant kissed victim No. 1 "like before" about three times in the backseat of the car. Defendant touched victim No. 1's vagina over her clothing with his hand. Victim No. 1 refused defendant's request to touch his penis. Victim No. 1 then told her mother about this incident and the first incident in the garage.

These two incidents provided the factual basis for counts 4 and 5 in the information, lewd act upon a child under the age of 14. Defendant's appellate arguments do not apply to his convictions on counts 4 and 5.

*Victim No. 2*

Victim No. 2 was eight years old at the time of trial in 2011. While taking a dog for a walk with other neighborhood children more than one year before trial, she encountered defendant outside his house. Victim No. 2 had never seen defendant before. Defendant engaged the children in conversation about the dog and asked them if they would like to give the dog a bath. The dog ran away; the other children chased the dog. Defendant grabbed victim No. 2 and forced her inside through the front door of the house, about six feet from where victim No. 2 had been standing.

Defendant showed victim No. 2 pictures of his family and offered her food. Defendant then touched her vagina with his hand. Defendant also kissed victim No. 2 on her cheek. Defendant put money in victim No. 2's underwear. Defendant admonished victim No. 2 not to tell anyone about his actions. Victim No. 2 ran home. Crying, victim No. 2 told her sister and brother what had happened. After victim No. 2 told her mother what happened, her mother confronted defendant and called the police. Defendant's

DNA was found on the inside waistband of victim No. 2's pants and on victim No. 2's face.

Defendant's interaction with victim No. 2 in the spring of 2010 provided the basis for his convictions on counts 1 through 3 (battery, kidnapping, and lewd act on a child under 14). Defendant's appellate arguments pertain to these three convictions.

DISCUSSION

Defendant argues: (1) there is insufficient evidence in the record to support his kidnapping conviction (count 2) and the kidnapping finding on count 3; (2) the court prejudicially erred in its provision of kidnapping instructions; (3) the court prejudicially erred with regard to count 3 in its provision of a unanimity instruction; and (4) the battery conviction should be vacated as a lesser included offense of count 3. We address each contention in turn.

*Sufficiency of Evidence of Kidnapping*

Defendant first asserts there was insufficient evidence in the record to support his conviction on count 2, kidnapping, or the jury's true finding that a circumstance of kidnapping applied to count 3, lewd act upon victim No. 2. "The test on appeal for determining if substantial evidence supports a conviction is whether '"a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt."' [Citation.] In making this determination, we '"must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence."'" (*People v. Rayford* (1994) 9 Cal.4th 1, 23.)

"Every person, who for the purpose of committing any act defined in Section 288, hires, persuades, entices, decoys, or seduces by false promises,

4

misrepresentations, or the like, any child under the age of 14 years to go out of this country, state, or county, or into another part of the same county, is guilty of kidnapping." (§ 207, subd. (b); see *People v. Dalerio* (2006) 144 Cal.App.4th 775, 782-783 ["Section 207, subdivision (b) proscribes the movement of a child under the age of 14 procured by deception alone, but only when that deception is for the purpose of committing any act defined in section 288"].)

Defendant's precise contention is that there is no evidence he persuaded, enticed, or decoyed victim No. 2 "by false promises, misrepresentations, or the like . . . ." (§ 207, subd. (b).) Defendant claims there is no evidence he made fraudulent statements; instead, he talked with victim No. 2, then physically moved her inside his home. For purposes of appeal, defendant concedes there was sufficient evidence of asportation of a victim under 14 years old for the purpose of committing a lewd act. (See *People v. Martinez* (1999) 20 Cal.4th 225, 237 [movement of "'a substantial distance, that is, a distance more than slight or trivial,'" viewed under the "totality of circumstances"].)

We conclude there is substantial evidence supporting the jury's findings. Defendant enticed and/or persuaded victim No. 2 to approach his house with conversation about the dog and an offer to wash the dog. As discussed in more detail below, that such statements may not have been false promises or misrepresentations does not matter. The jury could reasonably infer defendant had already formed the intention to commit a lewd act upon victim No. 2 while he engaged her in conversation to draw her close to the entry of his house. These inferences support the conviction of kidnapping and the true finding of kidnapping for purposes of the One Strike Law.

5

*Kidnapping Instruction*

Relatedly, defendant contends the court prejudicially erred with regard to its provision of a kidnapping jury instruction.[2] "'An appellate court reviews the wording of a jury instruction de novo' [citation], and determines whether 'the instructions are complete and correctly state the law.'" (*People v. Bell* (2009) 179 Cal.App.4th 428, 435.)

As provided to the jury, CALCRIM No. 1200 stated in relevant part, "The defendant is charged in Count 2 with kidnapping for the purpose of child molestation . . . . [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The *defendant* (*persuaded/enticed/decoyed/* [*or*] *seduced by false promises or misrepresentations*) a child younger than 14 years old to go somewhere; [¶] 2. When the defendant did so, he intended to commit a lewd or lascivious act on the child; [¶] AND [¶] 3. As a result of the defendant's conduct, the child then moved or was moved a substantial distance." (Italics added.)

Defendant contends CALCRIM No. 1200 is ambiguous in that a jury could think merely persuading or enticing a child is enough to constitute kidnapping. Defendant asserts such persuading or enticing must be done by way of "false promises, misrepresentations, or the like." (§ 207, subd. (b).) By this reasoning, CALCRIM No. 1200 should separate the first element of the crime into two elements (1. The defendant persuaded, enticed, decoyed, or seduced; 2. By false promises or misrepresentations). Defendant points to the prosecutor's closing argument as support for the proposition that the jury likely misunderstood the law when it reviewed CALCRIM No. 1200.[3]

---

[2] This argument was not raised at trial but we may review instructions "if the substantial rights of the defendant were affected thereby." (§ 1259.)

[3] The prosecutor stated, in relevant part, "The defendant has to have persuaded or enticed a child younger than 14 to go somewhere with him. [¶] I want to talk about this. What you're not seeing here . . . is some kind of force or fear requirement. She says that he grabbed her and pulled her into the house. But, again, that's not required. [¶] What's required is that somehow he effectuated the movement by

6

CALCRIM No. 1200 tracks the language of section 207, subdivision (b). Section 207, subdivision (b), applies to a defendant who "hires, persuades, entices, decoys, *or seduces by false promise, misrepresentations, or the like*, any child under the age of 14 years . . . ." (Italics added.) By its plain terms, section 207, subdivision (b), does not require hiring, persuasion, enticement, or decoys to be facilitated by means of "false promises, misrepresentations, or the like." (See *People v. Loeun* (1997) 17 Cal.4th 1, 9 ["plain meaning of the actual words of the law" are best guide to legislative intent].) CALCRIM No. 1200 correctly states the law. It is enough for a conviction under section 207, subdivision (b), for a defendant to (1) hire, persuade, entice, or decoy a child younger than 14 to go somewhere; (2) with the intent to commit a lewd act on the child; and (3) with the result that the child was moved a substantial distance. This result is sensible. One who hires, persuades, entices, or decoys a child into moving a substantial distance for the purpose of molesting the child should not escape criminal liability under section 207, subdivision (b), merely because their communications to the child were not fraudulent. As the Attorney General notes, a child molester may well

---

some form of persuasion. It can be physical, but it doesn't have to be. And it certainly doesn't have to be so much that it overcomes will or where she has to resist. And this, again, she has to be under 14. [¶] And you understand why there's a provision like that, and it's for cases where an adult does something to persuade a child to come with them even if it's not forcible. For example, driving up to a child on a sidewalk near the school. Hey, I'm friends with your mom. She wanted me to come pick you up from school. No, don't worry about it. She said it's okay. Go ahead. Come on. Get in the car. The child agrees to do so. Right? [¶] There's no force. There's no fear. There's a form of enticement or, hey, yeah, your parents sent me over here. I've got some great video games at my house. I've got some food. Why don't you come with me? That type of scenario is what's encompassed here. When it's a child, there need not be anything overtly forcible or violent about it." "But either way, if you look at the requirements for kidnap, all it is is that he gets her into the house, he entices her somehow, persuades her somehow, even if he's just invited her in."

fulfill his promise to provide his victim with candy, money, or another enticement. We reject defendant's claim of instructional error.[4]

*Unanimity Instruction*

Next, as to count 3 only (the lewd act count pertaining to victim No. 2), defendant posits the court erred in its instruction of the jury with a modified version of CALCRIM No. 3500.[5] The instruction, after listing the three charged lewd act counts, stated in relevant part: "As to each of these counts, the People have presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed."

"It is established that some assurance of unanimity is required where the evidence shows that the defendant has committed two or more similar acts, each of which is a separately chargeable offense, but the information charges fewer offenses than the

---

[4] Neither *People v. Dalerio*, *supra*, 144 Cal.App.4th at pages 782-783 (which, in passing, characterized § 207, subd. (b), as a crime "procured by deception alone"), nor *People v. Rhoden* (1972) 6 Cal.3d 519, 526-527 (which referred to similar operative language from an older version of the kidnapping statute as allowing kidnapping to "be accomplished by means of fraud") actually addressed the interpretive issue presented in this appeal. Defendant's reliance on these two cases is misplaced.

We grant the Attorney General's request to take judicial notice of legislative history pertaining to the amendment of section 207 in 1982 (Stats. 1982, ch. 1404, p. 5358) to include a theory of non-forcible kidnapping of a child for the purpose of molestation. (See *People v. Scott* (2013) 216 Cal.App.4th 848, 856, fn. 5 [appropriate to take judicial notice of legislative history].) Given the plain language of the statute, it is unnecessary to describe this material in detail. Suffice it to say that the legislative history does not provide clear insight as to how the statute should be interpreted beyond the text of the statute itself.

[5] Defendant did not raise this issue at trial. Defendant concedes that any error was not prejudicial as to counts 4 and 5.

8

evidence shows." (*People v. Sutherland* (1993) 17 Cal.App.4th 602, 611-612.) "Therefore, cases have long held that when the evidence suggests more than one discrete crime [but the defendant has not been charged with every crime suggested by the evidence], either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) A unanimity "instruction is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed." (*Sutherland*, at p. 612.)

Defendant contends that the way in which the court modified CALCRIM No. 3500 could have led to the jury convicting defendant on all three lewd act counts based on reaching unanimous agreement as to only one of the counts. But this is a strained, nonsensical reading of the instruction. (See *People v. Fiu* (2008) 165 Cal.App.4th 360, 370 ["The meaning of instructions is tested by 'whether there is a "reasonable likelihood" that the jury misconstrued or misapplied the law in light of the instructions given, the entire record of trial, and the arguments of counsel'"].) Moreover, the court also instructed the jury with CALCRIM No. 3515 ("Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one"). If there were any ambiguity in CALCRIM No. 3500 as provided, CALCRIM No. 3515 made clear to the jury that each count needed to be addressed on its own. (See *People v. Musselwhite* (1998) 17 Cal.4th 1216, 1248 ["'"[t]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction"'"].)

Thus, in the first instance, defendant forfeited this argument. "Because the court's unanimity instruction regarding the counts listed was not reasonably likely to be understood as [defendant] asserts, his substantial rights were not affected and therefore a timely objection and/or request for modification or clarification was required to preserve the claim of error for purposes of appeal." (*People v. Milosavljevic* (2010) 183

9

Cal.App.4th 640, 648 [rejecting argument similar to defendant's with regard to modified version of CALCRIM No. 3501].) Even if the argument was not forfeited, defendant "has not shown the trial court's unanimity instruction was reasonably likely to have been interpreted by the jury in the manner he suggests." (*Id*. at p. 649.) Either way, defendant's appellate contention is without merit.

*Battery as Lesser Included Offense*

Finally, defendant asserts the court should have vacated his conviction on count 1, battery, as a lesser included offense of count 3, lewd conduct. (See *People v. Milward* (2011) 52 Cal.4th 580, 585 ["defendant may not be convicted of both the greater and the lesser offense"].) The battery charge was a lesser included offense of the charged offense in count 1, sexual penetration of a child under 10 (§ 288.7, subd. (b)). As explained by the prosecutor during closing argument, this count was based on defendant touching victim No. 2's vagina. Victim No. 2 communicated (by words and gestures involving a tissue box representing her vagina) in an out-of-court interview that defendant's fingers penetrated her vagina. The jury acquitted defendant of the charged offense on count 1, thereby rejecting the notion that penetration occurred, but convicted defendant of the lesser included offense of battery (§ 242). As to count 3, the prosecutor noted at closing argument, "You've got the kissing. You've got the fact that he put his hand down her pants. You've got the genital touching. You've got genital penetration. [¶] Any one of those by itself is sufficient to convict. You just have to agree on at least one. And, again, if you agree on all of them, it's still just the one count, count 3." Thus, it is possible the jury agreed that the same conduct (genital touching) provided the basis for both the battery and lewd conduct convictions.

Nevertheless, the court did not err by refusing defendant's request to vacate the battery conviction. The question of whether battery is a lesser included offense of lewd conduct is currently before our Supreme Court. (See *People v. Gray* (2011) 199

10

Cal.App.4th 167, review granted Dec. 14, 2011, S197749; *People v. Shockley*, review granted Mar. 16, 2011, S189462; see also *People v. Santos* (1990) 222 Cal.App.3d 723, 739 [noting battery is not a lesser included offense of lewd conduct]; *People v. Thomas* (2007) 146 Cal.App.4th 1278, 1293 [holding battery is a lesser included offense of lewd conduct].)  In our view, battery is not a lesser included offense of lewd conduct. Depending on the subjective intent of the defendant, any touching (no matter how minimal and regardless of whether the touching was invited by the victim — e.g., a tousling of the hair or tickling of the feet) can constitute a lewd act.  (§ 288, subd. (a) [lewd act is done "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child"].)  Not every lewd act, therefore, constitutes a battery, which amounts to "any willful and unlawful use of force or violence upon the person of another."  (§ 242; see *Thomas*, at p. 1292 [battery is "[a]ny harmful or offensive touching"].)


DISPOSITION


The judgment is affirmed.  The Attorney General's request for judicial notice is granted.


IKOLA, J.

WE CONCUR:



MOORE, ACTING P. J.



FYBEL, J.


11