Filed 3/29/21 (unmodified opinion attached)

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDDIE NIETO,<br><br>    Defendant and Appellant. | F078693<br><br>(Super. Ct. No. BF168714A)<br><br>**ORDER MODIFYING OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the published opinion filed herein on March 18, 2021, be modified as follows:

1. On page 5, strike the last sentence of the last full paragraph that currently reads "We disagree because general kidnapping may be proven by deceit alone." and insert the following sentence in its place: "We disagree that general kidnapping may be proven by deceit alone."

Except for the modification set forth, the opinion previously filed remains unchanged. This modification does not effect a change in the judgment.

SNAUFFER, J.

WE CONCUR:

SMITH, Acting P.J.

DE SANTOS, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDDIE NIETO,<br><br>    Defendant and Appellant. | F078693<br><br>(Super. Ct. No. BF168714A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Cara DeVito, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Eddie Nieto lured a six-year-old girl out of her grandmother's home and sexually abused her near an open field adjacent to the house.  A jury convicted him of committing lewd acts and found true a special allegation he kidnapped the victim.  The kidnapping finding mandated a life sentence under the One Strike law.

On appeal, Nieto challenges the jury's kidnapping finding.  In particular, he points out CALCRIM No. 1201, the pattern kidnapping jury instruction used in this case,

applies to general kidnapping by force. He claims the instruction erroneously allows deception as an alternative to force. He also argues the evidence was insufficient to prove kidnapping.

We agree the instruction wrongly permits a jury to find deception itself sufficient to prove general kidnapping. However, for the reasons that follow, the instructional error in this case was harmless beyond a reasonable doubt. Because the evidence was otherwise sufficient to prove kidnapping, we will affirm the judgment.

## BACKGROUND

### Charges

The Kern County District Attorney charged Nieto with committing two crimes: Forcible lewd acts on a child under age 14 (Pen. Code,[1] § 288, subd. (b)(1); count 1) and lewd acts on a child under age 14 (§ 288, subd. (a); count 2). Each charge included an enhancement he "kidnapped the victim in violation of section 207, 209, or 209.5 of the Penal Code, within the meaning of Penal Code section 667.61(e)(1)."[2]

### Trial Evidence

The victim in this case is a six-year-old girl. One day she was playing in her grandmother's yard while a "dirty [man] with short hair" was nearby. That man drank water out of a jug near the fence next to the home. The grandmother eventually called the victim's mother to take home the victim and her brother, who was also playing in the yard, because there was a "creepy guy around."

Meanwhile, the man had asked the victim if she wanted "to come to … [his] house." Later, once the kids were inside the house, the victim saw the man gesturing at

---

[1] All statutory references are to the Penal Code.

[2] Section 667.61 codifies the One Strike law, which mandates a life sentence for specific sex crimes committed with various aggravating circumstances. The charges also included three enhancements for prior prison terms within the meaning of section 667.5, subdivision (b). These enhancements were later dismissed.

her with his hand to "come here …." The victim "went outside … to see what he wants" "[b]ecause [she] couldn't hear him." He told her, "Come here," and they went to an overturned white bucket close to the house near a field.

The victim stood on the bucket while the man stood behind her. Both of their pants were lowered and he touched her "[p]rivate." She asked the man to stop and tried to escape but he held her in place.

The grandmother intervened and the man "buckl[ed]" his pants as he ran away through the field. She identified Nieto as the assailant at trial.[3]

Law enforcement arrived some time after the man fled. The water jug was swabbed for DNA. The victim was taken to the hospital, where an examination of her clothing revealed three bloodstains.[4] Her clothing was stored as evidence. Ultimately, the DNA swabs from the jug and the three bloodstains all matched Nieto's DNA profile.

**Verdict and Sentence**

Nieto was convicted as charged. He was sentenced to serve 25 years to life in prison.

## DISCUSSION

As noted, Nieto was alleged to have "kidnapped the victim in violation of section 207, 209, or 209.5 of the Penal Code, within the meaning of Penal Code section 667.61(e)(1)." Section 207 describes distinct acts each of which constitute kidnapping. (See § 207, subds. (a)-(d); *People v. Rhoden* (1972) 6 Cal.3d 519, 526 ["section 207 provides … distinct definitions … of conduct constituting" kidnapping].) General or simple kidnapping is defined in section 207, subdivision (a), which states "[e]very person who forcibly, or by any other means of instilling fear, steals or takes, or

_____

[3] The grandmother had failed to identify a picture of Nieto prior to trial.

[4] The bloodstains were found on the victim's shirt, shorts, and inside her underwear.

3.

holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping." The other section 207 definitions may be referred to as "special types" of kidnapping. (*People v. Stephenson* (1974) 10 Cal.3d 652, 660 (*Stephenson*).)

To explain kidnapping to the jury, the court instructed it with CALCRIM No. 1201. This instruction explains the elements necessary to prove general kidnapping (§ 207, subd. (a)) of a person incapable of giving consent.[5] The instruction states that the defendant must use either force or deception to move a victim.[6]

The primary issue on appeal is whether CALCRIM No. 1201 accurately explains general kidnapping (§ 207, subd. (a)). Specifically, does kidnapping by deception alone constitute general kidnapping when the victim is a young child? Nieto argues it does not. The People contend it does. We agree with Nieto because the law does not support the position deception is an alternative to force under general kidnapping.

While deception may certainly supplement force, it cannot supplant it. Based on the record in this case, however, the instructional error was harmless. Section 207, subdivision (b), specifically proscribes kidnapping by deception for child molestation. The instructions adequately explained this special theory of kidnapping notwithstanding the error. We conclude the jury's verdict was based on finding true each element of kidnapping by deception (§ 207, subd. (b)) and affirm the judgment.

**A. Additional Background**

The jury instruction used in this case to explain kidnapping is CALCRIM No. 1201. As relevant, it provides the following elements "the People must prove":

---

[5] CALCRIM No. 1215 is the standard instruction for general kidnapping.

[6] CALCRIM No. 1201 does not mention fear. Presumably this is because movement induced by fear is objectively nonconsensual. A victim is necessarily aware of his or her own fear but may not apprehend illicit physical force if, for example, disabled, infantile, unconscious, or youthful.

"1.  The defendant used (physical force/deception) to take and carry away an unresisting child;

"2.  The defendant moved the child a substantial distance;

"AND

"3.  The defendant moved the child with an illegal intent or for an illegal purpose;

"AND

"4.  The child was under 14 years old at the time of the movement.

[¶] … [¶]

"Deception includes tricking the child into accompanying him or her a substantial distance for an illegal purpose." (CALCRIM No. 1201.)

The jury in this case was instructed in this manner.

In closing argument, the prosecutor conceded kidnapping by force was not proven. Nieto essentially conceded the lewd acts. Each party focused argument on whether kidnapping by deception was proven.[7]

**B. Analysis**

CALCRIM No. 1201 is an instruction written to explain the crime of general kidnapping (§ 207, subd. (a)) when the victim is incapable of consent due to age or disability. The bench notes to the instruction indicate "[d]eceit [m]ay [s]ubstitute for [f]orce." We disagree because general kidnapping may be proven by deceit alone.

---

[7] In part, Nieto argued, he "simply did the act of come here" and there was "nothing deceiving about" that. He also claimed, the victim "wasn't lured by anyone. She chose to go out there. She walked out there on her own and it was not done by deception." These points are not repeated on appeal. In any event, we simply note the victim testified she "went outside … to see what" Nieto wanted.

"Kidnapping requires proof of asportation, i.e., proof that the defendant moved the victim a 'substantial distance.' " (*People v. Singh* (2019) 42 Cal.App.5th 175, 184.) Under section 207, " 'the Legislature has … deliberately provided that … special types of kidnaping … can be accomplished by means of fraud, [but] a general act of kidnaping . . . can only be accomplished by the use or threat of force.' " (*Stephenson, supra,* 10 Cal.3d at p. 660.) " '[A]sportation by fraud alone does not constitute general kidnapping ….' " (*People v. Majors* (2004) 33 Cal.4th 321, 327 (*Majors*).)

The CALCRIM No. 1201 deceit element is based on *People v. Dalerio* (2006) 144 Cal.App.4th 775 (*Dalerio*). The problem with the instruction is *Dalerio* never held deceit is a substitute for force under section 207, subdivision (a).

At the outset, *Dalerio* acknowledged the "[d]efendant … deceived a nine-year-old child into voluntarily accompanying him and then *physically* escorted the child a substantial distance before attempting to kill her." (*Dalerio, supra,* 144 Cal.App.4th at p. 777, emphasis added.) The defendant confessed "he took her 'up into the woods ... and then slamm[ed] her down ….' " (*Id*. at p. 779.) The victim, however, never testified the defendant used any force. (*Id*. at pp. 777-778.) The defendant was convicted of general kidnapping by force (§ 207, subd. (a)). (*Id*. at p. 779.)

The issue in *Dalerio* was not whether the evidence was sufficient to prove kidnapping. Rather the issue was whether the victim's testimony satisfied the corpus delicti rule. (*Dalerio, supra,* 144 Cal.App.4th at p. 781 ["Defendant argue[d] there was no proof, independent of his statement, that a kidnapping occurred because, according to the victim, she accompanied him into the wooded area of the park voluntarily."].) That rule " 'requires corroboration of the defendant's extrajudicial utterances insofar as they indicate a crime was committed, and forces the People to supply, as part of their burden of proof in every criminal prosecution, some evidence of the corpus delicti aside from, or in addition to, such statements.' " (*People v. Krebs* (2019) 8 Cal.5th 265, 317 (*Krebs*).)

The *Dalerio* court simply held the corpus delicti rule was satisfied. (*Dalerio, supra,* 144 Cal.App.4th at p. 783.) In so holding, the court acknowledged the facts did not present "a situation where an adult engages in a deception to persuade a child to meet him later in a secluded spot and commits a crime when the victim appears. Section 207, subdivision (b), proscribes the movement of a child under the age of 14 procured by deception alone, but only when that deception is for the purpose of committing any act defined in section 288." (*Id.* at pp. 782-783.)

The *Dalerio* holding is correct because " '[t[he amount of independent proof of a crime required [to satisfy the corpus delicti rule] is quite small.' [Citation.] The prosecution need not adduce 'independent evidence of every physical act constituting an element of an offense.' [Citation.] Instead, it need only make 'some indication that the charged crime actually happened,' so as to ensure 'that the accused is not admitting to a crime that never occurred.' " (*Krebs, supra,* 8 Cal.5th at p. 317.) Thus, even though the victim never testified to physical force, her testimony was sufficient to corroborate the defendant's confession he did in fact utilize physical force.

*Dalerio* relied on *People v. Oliver* (1961) 55 Cal.2d 761 (*Oliver*) and *In re Michele D.* (2002) 29 Cal.4th 600 (*Michele D.*). Those cases recognized "the quantum of force … required to kidnap an unresisting infant or child is simply the amount of physical force required to take and carry the child away a substantial distance for an illegal purpose or with an illegal intent." (*Michele D., supra,* at p. 603.) But they "did not create a new or different crime of kidnapping …." (*People v. Westerfield* (2019) 6 Cal.5th 632, 715 (*Westerfield*).) Nor did they eliminate the force requirement.[8]

---

[8] In *Michele D.*, the Supreme Court "granted review to resolve the issue of what quantum of force, *if any*, must be shown to sustain a conviction for kidnapping when the victim is an unresisting infant or child." (*Michele D., supra,* 29 Cal.4th at p. 603, emphasis added.) The court did not hold force was unnecessary to prove. (*Ibid.*)

In a later footnote, the Court stated, "We note that our decision here affects only a narrow class of cases in which an unresisting infant or small child is taken away without

7.

Indeed, in those cases each defendant acted with physical force. In *Oliver,* the defendant led a two-year-old child "by the hand." (*Oliver, supra,* 55 Cal.2d at p. 763.) In *Michele D.*, the defendant took a baby with whom she was acquainted from a stroller and walked nearly one and one-half miles while holding the child. (*Michele D., supra,* 29 Cal.4th at pp. 603-604.)

The People cite several other cases to support the argument deception is an alternative to force. These cases are unpersuasive because they involve actual force. In *People v. Jones*, the defendant "abruptly took" a baby from a mother's "arms," put the baby in a car, and drove away "holding [the baby] on his lap." (*People v. Jones* (2003) 108 Cal.App.4th 455, 460.) In *Parnell v. Superior Court*, the defendants infamously tricked a child into entering a car, drove away while ignoring the child's request to contact his parents, and held him captive until he escaped more than seven years later. (*Parnell v. Superior Court* (1981) 119 Cal.App.3d 392, 398-400.) It would defy logic to conclude these cases did not involve forcible kidnapping.[9]

---

any force or fear." (*Michele D, supra,* at p. 612, fn. 5.) We view this footnote as dicta because it is inconsistent with the Court's actual holding "that the only force required to kidnap an unresisting infant or child is the amount necessary to move the victim a substantial distance." (*Id.* at p. 612.) Perhaps the inconsistency is a matter of semantics.

On a related note, it is true "the force used against the victim 'need not be physical.' " (*Majors, supra,* 33 Cal.4th at pp. 326-327.) This is so because either force or fear is sufficient to satisfy section 207, subdivision (a): "The movement is forcible where it is accomplished through the giving of orders which the victim feels compelled to obey because he or she fears harm or injury from the accused and such apprehension is not unreasonable under the circumstances.' " (*Majors,* at p. 327.)

This caveat is immaterial to this appeal because kidnapping by fear is not in issue. Regardless, *some* force or fear is necessary, of which deception is neither. (See *Majors, supra,* 33 Cal.4th at p. 327.)

[9] The People also cite *People v. Rios* (1986) 177 Cal.App.3d 445. That case does not involve kidnapping.

8.

This case is different.  Each party agreed there was no evidence of physical force. Our review of the record compels the same conclusion.

Because deception is not an alternative to force under section 207, subdivision (a), CALCRIM No. 1201 is wrong and inapplicable in cases involving kidnapping "by deception alone …."  (See *Dalerio, supra,* 144 Cal.App.4th at p. 782; *Majors, supra,* 33 Cal.4th at p. 327 [asportation by fraud is not proscribed by § 207, subd. (a)].)  Its use in this case was error.

**C. Prejudice**

Initially, we note instructing the jury with the physical force theory of kidnapping is not grounds for reversal "absent an affirmative indication in the record that the verdict actually did rest on the inadequate ground."  (*People v. Guiton* (1993) 4 Cal.4th 1116, 1129.)  The lack of evidence proving physical force is an insufficiency a "jury is fully equipped to detect …."[10]  (*Ibid*.)  The record reveals no reason to believe the jury relied on physical force to return its verdict.

Next, we reiterate the charges against Nieto alleged he kidnapped "the victim in violation of section 207 …."  Section 207, subdivision (b), states "[e]very person, who for the purpose of committing any act defined in Section 288, hires, persuades, entices, decoys, or seduces by false promises, misrepresentations, or the like, any child under the age of 14 years to go out of this country, state, or county, or into another part of the same county, is guilty of kidnapping."  It goes without saying section 207, subdivision (b), is kidnapping within the meaning of section 207.

There are two subtle but significant differences between the CALCRIM No. 1201 kidnapping instruction given in this case and section 207, subdivision (b).  One, the instruction prohibits only deception or trickery rather than the more expansive conduct

---

[10] On this basis we reject Nieto's secondary argument that insufficient evidence of physical force requires reversal of the kidnapping finding.

criminalized by the statute. Two, the instruction applies to any criminal intent or purpose instead of the sole lewd intent proscribed by the statute. These differences are immaterial in light of the record. The remaining elements of kidnapping—age and substantial movement—were correctly instructed upon. The erroneous instruction here adequately explained these elements, even if inadvertently.[11] We address the evidence for each element in turn.

### i. Deception

Kidnapping by deception or trickery is kidnapping under section 207, subdivision (b). Deception and trickery undoubtedly fall under seducing movement "by false promises, misrepresentations, or the like …." (§ 207, subd. (b).) This part of the instruction did not prejudice Nieto because it actually narrows the conduct constituting kidnapping.

The jury must have based its verdict on movement caused by deception or trickery, i.e, "false promises, misrepresentations, or the like …." (§ 207, subd. (b).) There was no evidence of physical force and each party openly agreed on that point. There is no reasonable doubt the jury based its verdict on this theory, which is consistent with both the given instructions and section 207, subdivision (b).

### ii. Intent

In contrast to narrowing the conduct constituting kidnapping by deception, the instruction expands the criminal intent necessary to commit crime. Only the intent to commit a lewd act constitutes kidnapping under section 207, subdivision (b). An innocent intent, or even an intent to kill, will not constitute kidnapping under this statute. The only possible intent on this record, however, is the intent to commit a lewd act.[12]

---

[11] The instruction the court should have given is CALCRIM No. 1200.

[12] Lewd act was separately defined in the instructions for Counts 1 and 2.

Nieto immediately assaulted the victim when the opportunity arose. The sexual nature of his assault was undeniable. Both his and the victim's pants were lowered as he touched her "[p]rivate." His blood was found inside her underwear, strongly suggesting her underwear was also removed.

There was no innocence in Nieto's actions. No other criminal intent was apparent. The fact his intent was to commit a lewd act *at the time* he deceived the victim is beyond reasonable dispute based upon the haste with which he committed actual lewd acts. (Cf. *Oliver, supra,* 55 Cal.2d at p. 767 ["It seems highly improbable, if the defendant had the violation of section 288 in mind while he was leading the child, that he would have waited an hour to accomplish that purpose."].)

While the jury here was permitted to find any contemporaneous criminal intent, we are convinced beyond a reasonable doubt it based its verdict on a lewd intent. This finding is consistent with both the instructions as given and section 207, subdivision (b).

### iii. Age[13]

Section 207, subdivision (b), applies only if the victim is under 14 years old. The victim here was six years old. Her age is not in dispute.

### iv. Substantial Movement[14]

"[I]n determining whether the victim was moved for a 'substantial distance' " we "consider the 'totality of the circumstances' … including factors like 'whether that movement increased the risk of harm above that which existed prior to the asportation, decreased the likelihood of detection, and increased both the danger inherent in a victim's foreseeable attempts to escape and the attacker's enhanced opportunity to commit additional crimes.' " (*People v. Gomez* (2018) 6 Cal.5th 243, 304.) "[C]onsideration of the 'scope and nature' of the movement or changed environment" of the victim (*People v.*

---

[13] The jury was properly instructed with this element.

[14] The jury was properly instructed with this element.

11.

*Martinez* (1999) 20 Cal.4th 225, 236) and "whether the distance a victim was moved was incidental to the commission of [an associated] crime" are also relevant factors. (*Id*. at p. 237.)

The movement here was substantial because it enhanced Nieto's opportunity to commit crimes and escape detection. The victim was tricked into leaving the sanctuary of her grandmother's home and lured into the hands of a waiting child molester. She was not vulnerable inside the home prior to the deceit. Once the victim was outside, Nieto could commit any number of crimes and could escape detection by fleeing through a nearby field.[15] It is inconceivable this movement was not substantial.

Although the actual distance moved was not proven, "no minimum distance is required to" prove kidnapping "so long as the movement is substantial …." (*People v. Dominguez* (2006) 39 Cal.4th 1141, 1152.) "Where movement changes the victim's environment, it does not have to be great in distance to be substantial." (*People v. Shadden* (2001) 93 Cal.App.4th 164, 169.) Such is the case here. Because the movement was substantial, it was not incidental "even though it may have been solely to facilitate the commission of the" crime.[16] (*In re Earley* (1975) 14 Cal.3d 122, 130.)

### v. Conclusion

An argument similar to Nieto's was dismissed by the Supreme Court in *Westerfield, supra,* 6 Cal.5th 632. There, the defendant argued "the evidence presented at … trial was insufficient to support his conviction of kidnapping under section 207 … because there was assertedly no evidence [the victim] was removed from her house by force or fear." (*Id*. at p. 712.)

---

[15] The case remained unsolved for nearly two years simply because Nieto fled the crime scene. He concedes this factor supports a substantial movement finding.

[16] Nieto's tertiary argument the evidence is insufficient to prove substantial movement is rejected.

The evidence indicated the victim "was removed from her house … to [the location] where her body was eventually found" "miles away …." (*Westerfield, supra,* 6 Cal.5th at pp. 715, 718.) The Supreme Court found the jury "could have reasonably inferred that defendant abducted [the victim] by either using force to quietly subdue her or by threatening her with harm if she made any noise." (*Id*. at p. 713.) The Court also recognized "[k]idnapping is … a continuous offense." (*Id*. at p. 714.)

In dicta, the Court added the evidence was also sufficient to prove kidnapping under the "alternative standard" of force applicable to child victims " 'too young to give [their] legal consent to being taken.' " (*Westerfield, supra,* 6 Cal.5th at pp. 714-715.) The defendant complained affirming on this alternative ground was inappropriate because it "was not alleged against him and the jury was not instructed" accordingly. (*Id*. at p. 715.) More pointedly, he contended "a conviction cannot be affirmed on appeal on a factual theory never tried before a jury." (*Ibid*.)

The Court rejected the defendant's contention. The Court stated the charges "made clear that defendant was being charged with the kidnapping of a child." (*Westerfield, supra,* 6 Cal.5th at p. 715.) This was sufficient to put him on notice of any kidnapping theory. (*Id*. at pp. 715-716; see *People v. Abel* (2012) 53 Cal.4th 891, 937 ["an accusatory pleading charging murder need not specify the theory of murder upon which the prosecution intends to rely."].) The absence of an instruction explaining the defendant acted with an unlawful intent was deemed harmless, in part, because "there could have been no possible lawful purpose for surreptitiously removing [the victim] from her home …." (*Id*. at p. 717.)

Although the *Westerfield* analysis is undoubtedly dicta, it is well reasoned and persuasive. The record here presents a more compelling case to affirm for two reasons.

First, just as in *Westerfield*, there is no due process concern. Nieto was charged with kidnapping under section 207 which was sufficient to notify him of any kidnapping

13.

theory including section 207, subdivision (b).[17] (*Westerfield, supra,* 6 Cal.5th at pp. 715-716.) Second, in contrast to the incomplete instructions in *Westerfield,* the instructions in this case were sufficient to explain each element of kidnapping by deception (section 207, subd. (b)).[18] For these reasons, and because the jury in fact found each element of kidnapping by deception true, we conclude the instructional error here is harmless beyond a reasonable doubt. (*People v. Brooks* (2017) 3 Cal.5th 1, 69 [" 'Misdescription of an element of a charged offense is subject to harmless error analysis and does not require reversal if the misdescription was harmless beyond a reasonable doubt.' "].)

We emphasize our decision to find the instructional error here harmless is *not* based on what we believe the jury would have found had it been properly instructed. (See *People v. Pearson* (2013) 56 Cal.4th 393, 463 [to find error harmless beyond a reasonable doubt the " ' "focus is on what the jury actually decided and whether the error might have tainted its decision." ' "].) Rather, the decision is based on our conclusion—beyond a reasonable doubt—the jury rendered its verdict after finding true each element of section 207, subdivision (b).

In other words, the error in this case—equating deception with physical force—did not contribute to the verdict. Deceiving a child under age 14 into moving a substantial distance while intending to commit a lewd act is kidnapping. The jury here found those facts true and those findings are consistent with the charges and the verdict.[19]

---

[17] Notably, Nieto not only had the opportunity to defend against kidnapping by deception, he actually did so.

[18] As discussed above, the instructions were adequate and complete but not perfect.

[19] As mentioned, the charges alleged Nieto "kidnapped the victim in violation of section 207 …." The actual verdict reads the jury found "it to be true the defendant, Eddie Nieto, did kidnap the victim within the meaning of Penal Code 207 …."

Nonetheless, we disapprove use of CALCRIM No. 1201 in cases involving kidnapping by deception alone. That instruction is meant to explain kidnapping by physical force (section 207, subd. (a)) when the victim is incapable of consent. Kidnapping by deception alone is not kidnapping by physical force.[20] (*Majors, supra,* 33 Cal.4th at p. 327; see *Michele D., supra,* 29 Cal.4th at p. 603 [some force is necessary to kidnap child by force]; *Dalerio, supra,* 144 Cal.App.4th at p. 782.)

**DISPOSITION**

The judgment is affirmed.

SNAUFFER, J.

WE CONCUR:

SMITH, Acting P.J.

DE SANTOS, J.

---

Neither the charges nor the verdict specified a kidnapping theory. Had either the charges or verdict specified section 207, subdivision (a), our prejudice analysis would differ. The written jury instructions did reference section 207, subdivision (a), but, in our view, that reference is irrelevant.

[20] "Of course, it goes without saying that asportation may be accomplished by means that are both fraudulent and involve force or fear." (*Majors, supra,* 33 Cal.4th at p. 328.) In those situations, CALCRIM No. 1201 should carefully explain deception itself is insufficient to prove general kidnapping (§ 207, subd. (a)).

15.