[No. D055327. Fourth Dist., Div. One. Apr. 6, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER FRANCES MILOSAVLJEVIC, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[1]]**

---

[1] Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II and IV.

## COUNSEL

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pamela Ratner Sobeck and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McDONALD, J.**—Peter Frances Milosavljevic appeals a judgment following his jury conviction on 38 counts of rape and various related offenses involving multiple victims. On appeal, he contends (1) the trial court erred by not giving a unanimity instruction regarding one count and by giving an incorrect unanimity instruction regarding other counts; (2) the evidence is insufficient to support his convictions regarding one victim whose testimony was inherently unbelievable; (3) the trial court erred by not instructing on the definition of the term "intoxicating agent" for purposes of the two Penal Code[2] section 222 charged offenses; (4) there was cumulative prejudicial error; and (5) the section 1465.8 fine imposed by the court exceeded the authorized amount.

### FACTUAL AND PROCEDURAL BACKGROUND[3]

On March 14, 2007, an information was filed charging Milosavljevic with 57 counts of forcible rape, forcible sodomy, forcible oral copulation, forcible

---

[2] All undesignated statutory references are to the Penal Code.

[3] Because the facts regarding many of the offenses Milosavljevic committed against each of his victims are not pertinent to our disposition of this appeal, we discuss facts relating to particular offenses only when relevant to our disposition of an issue on appeal.

penetration by a foreign object, false imprisonment, administering an intoxicating agent with intent to commit a felony, assault by means of force likely to produce great bodily injury, and other related offenses involving 10 victims. The information also alleged certain related enhancements and that he had two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

Following a trial during which the jury heard the testimonies of the alleged victims and Milosavljevic, the jury found him guilty on 38 of the 39 counts remaining after 18 of the original 57 counts were dismissed.[4] The jury also found true five enhancement allegations related to certain counts. The jury found him not guilty on count 3 (§ 289, subd. (a), forcible penetration by a foreign object on Jane Doe I). In a bifurcated bench trial, the court found true the allegation that Milosavljevic had two prior serious or violent felony convictions within the meaning of the three strikes law. The trial court sentenced Milosavljevic to 38 consecutive terms of 25 years to life for each of his offenses, together with a consecutive enhancement of 15 years to life related to count 16, for an aggregate term of 965 years to life in prison.[5] Milosavljevic timely filed a notice of appeal.

## DISCUSSION

### I

### *Unanimity Instruction*

Milosavljevic contends the trial court erred by not giving a unanimity instruction regarding count 52 and by giving an incorrect unanimity instruction regarding the other counts.

### A

After listing certain offenses allegedly committed by Milosavljevic against nine of his alleged victims (which list omitted a description of count 52), the trial court instructed with a modified version of CALCRIM No. 3501 on the requirement of juror unanimity regarding the specific act constituting each offense:

---

[4] Pursuant to section 1385, the trial court granted the prosecution's motion to dismiss counts 2, 21, 23, 24, 25, 26, 27, 32, 33, 36, 38, 54, and 56. Pursuant to section 1385, the court also dismissed counts 13 and 14, finding the statute of limitations had run on those counts. Pursuant to section 1118.1, the court also granted Milosavljevic's motion to dismiss counts 40, 46, and 47.

[5] The trial court also imposed certain concurrent enhancement terms.

"The People have presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless:

"1. You all agree that the People have proved that the defendant committed at least one of these acts and you all agree which act he committed for each offense; [¶] OR

"2. You all agree that the People have proved that the defendant committed all the acts alleged to have occurred during this time period and have proved that the defendant committed at least the number of offenses charged." Milosavljevic did not object to, or request modification or clarification of, that instruction.

## B

"The right to a unanimous jury in criminal cases is guaranteed by the California Constitution. (Cal. Const., art. I, § 16; [citation].) . . . [¶] It is established that some assurance of unanimity is required where the evidence shows that the defendant has committed two or more similar acts, each of which is a separately chargeable offense, but the information charges fewer offenses than the evidence shows. [Citation.] [A unanimity] instruction is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed. . . . [I]t is generally agreed that under such circumstances, a unanimity instruction of some kind is required to ensure the defendant's constitutional right to a unanimous verdict. [Citations.]" (*People v. Sutherland* (1993) 17 Cal.App.4th 602, 611–612 [21 Cal.Rptr.2d 752].) In *People v. Russo* (2001) 25 Cal.4th 1124 [108 Cal.Rptr.2d 436, 25 P.3d 641], the California Supreme Court stated: "[T]he jury must agree unanimously the defendant is guilty of a *specific* crime. [Citation.] Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." (*Id.* at p. 1132.)

"In a case in which the evidence indicates the jurors might disagree as to the particular act defendant committed, the standard unanimity instruction should be given. [Citation.] But when there is no reasonable likelihood of juror disagreement as to particular acts, and the only question is whether or not the defendant in fact committed all of them, the jury should be given a modified unanimity instruction which, in addition to allowing a conviction if the jurors unanimously agree on specific acts, also allows a conviction if the jury unanimously agrees the defendant committed all the acts described by the victim." (*People v. Jones* (1990) 51 Cal.3d 294, 321–322 [270 Cal.Rptr.

611, 792 P.2d 643].) Accordingly, a trial court must sua sponte give an appropriate unanimity instruction (e.g., CALCRIM No. 3500 or 3501) when the evidence shows more than one act could constitute an element of a charged offense.

### C

Milosavljevic asserts the trial court erred by omitting count 52 from its list of charged offenses to which its unanimity instruction (i.e., modified CALCRIM No. 3501) applied. Count 52 alleged that he violated section 222 when in or about May 2005 "he administered [to Jane Doe XI] [an] intoxicating agent to assist the commission of a felony." He argues that because there was evidence presented at trial showing multiple acts, any of which could have constituted an element of the offense charged in count 52, the trial court erred by not including that count in its unanimity instruction.

■ Although the People assert Milosavljevic forfeited this contention by not objecting below to the trial court's omission of count 52 from its unanimity instruction, we conclude the purported error affected his substantial rights and therefore may be raised on appeal. (§ 1259; *People v. Andersen* (1994) 26 Cal.App.4th 1241, 1249 [32 Cal.Rptr.2d 442].) Addressing the merits of his assertion, we conclude the trial court erred by not instructing sua sponte that all the jurors were required to agree on the specific act committed by Milosavljevic for a guilty finding on count 52. As Milosavljevic notes, the record shows Jane Doe XI testified at trial regarding a number of times during a period of one to two weeks during which Milosavljevic forced her to take Seroquel or "pills" and soon thereafter committed sexual and other offenses on her. During the night she met him, he forcibly prevented her from leaving his house by hitting her with "a hatchet thing" and made her take some Seroquel pills to make her go to sleep. He threatened that if she did not take a pill, he would make her take all of the pills. During the one- to two-week period that Milosavljevic forced her to stay with him, he made her take pills and then forced her to have sex with him. She testified: "I had to have sex [with him]. Either I would get the sleeping pill, or then I would wake up, and when I wake up, I have to have sex. And if I didn't, then I would have to take all the pills, and he would . . . try to kill me, you know. [¶] . . . [¶] [He forced me to have sex with him] [a]ll the times that I was there, that we had sex, like almost every day that we were there, at least once a day. That's the least I could get out of it. I think one time we had sex twice a day." During that period of time, she told him she did not want to do those "things," but "[h]e still gave me the pills, overdosed me on the pills and stuff." When the prosecutor asked her whether he gave her pills and then had sex with her, she answered: "Yeah. [¶] . . . [¶] Like every time I was there, I had to take . . . the sleeping pills." Accordingly, as Milosavljevic asserts, the evidence would

support findings that there were multiple occasions on which he forced her to take Seroquel or "pills" with the intent to commit a felony (e.g., forcible rape, forcible oral copulation, or false imprisonment). Because there was evidence to support findings he committed multiple acts on different occasions, any one of which could have supported a guilty finding on count 52 (i.e., administering to Jane Doe XI an intoxicating agent to assist the commission of a felony), the trial court erred by not instructing sua sponte that for a guilty finding all the jurors had to agree on the specific act that constituted an element of that offense (e.g., with CALCRIM No. 3501).

■ We further agree with Milosavljevic that the court's error in omitting count 52 from its unanimity instruction was prejudicial error, requiring reversal of his conviction on that count. Although there is a split of authority on whether the standard of prejudicial error is the *Chapman*[6] or *Watson*[7] standard, we agree with the reasoning in *People v. Smith* (2005) 132 Cal.App.4th 1537, 1545–1546 [34 Cal.Rptr.3d 472], and *People v. Wolfe* (2003) 114 Cal.App.4th 177, 185–188 [7 Cal.Rptr.3d 483], that the failure to give a unanimity instruction has the effect of lowering the prosecution's burden to prove a defendant's guilt beyond a reasonable doubt under California law and therefore violates the defendant's federal constitutional right to due process of law.[8] Accordingly, the proper standard of prejudice is the more stringent *Chapman* standard, requiring the People to show the error is harmless beyond a reasonable doubt. We conclude the People have not carried their burden on appeal to show the court's omission of count 52 from its unanimity instruction was harmless beyond a reasonable doubt. Based on the record, it is reasonably possible some of the jurors may have based their count 52 guilty finding on Milosavljevic's application of Seroquel on Jane Doe XI the night they met, while other jurors may have based their guilty finding on one or more of his subsequent applications of pills before he

---

[6] *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824].

[7] *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].

[8] *Smith* stated: "Federal due process requires that before one can be convicted of a crime the prosecution must convince a jury that the evidence establishes the defendant's guilt of the crime beyond a reasonable doubt. [Citation.] If a jury (as here) is permitted to amalgamate evidence of multiple offenses, no one of which has been proved beyond a reasonable doubt to all of the jurors required to agree on the verdict, the prosecution's burden is lessened and defendant is denied due process. Such significant lessening of the prosecution's burden of proof compels reversal unless we are able to declare a belief that it was harmless beyond a reasonable doubt." (*People v. Smith, supra,* 132 Cal.App.4th at p. 1545, fn. omitted.) *Wolfe* stated: "[O]nce state law has conferred a right to jury unanimity, the federal Constitution demands that each juror be convinced of the defendant's guilt beyond a reasonable doubt. . . . As California has chosen . . . to demand 12-to-zero verdicts in criminal cases, the federal Constitution concomitantly requires that all 12 jurors voting to convict must be convinced that the defendant is guilty of the charged crime beyond a reasonable doubt. Otherwise, the reasonable doubt requirement would become meaningless." (*People v. Wolfe, supra,* 114 Cal.App.4th at p. 187.)

committed a felony offense. Contrary to the People's assertion, we cannot presume the jurors inferred that the court's omission of count 52 from its unanimity instruction was merely an oversight by the court and, on their own, decided to require unanimity regarding the specific act constituting that offense. Also contrary to the People's assertion, the record does not support the conclusion that all of the jurors necessarily agreed Milosavljevic committed all of the acts that could have supported the alternative bases for their count 52 guilty verdict. Although the jury presumably found the testimony of Jane Doe XI more credible than that of Milosavljevic, there was sufficient uncertainty in her testimony regarding the specific circumstances of each alleged application of an intoxicating agent that one or more jurors may not have agreed beyond a reasonable doubt that all of the alleged acts were committed. Therefore, applying the *Chapman* standard of prejudice, we conclude the court's error in omitting count 52 from its unanimity instruction (i.e., modified CALCRIM No. 3501) was not harmless beyond a reasonable doubt. (Cf. *People v. Smith, supra,* at pp. 1546–1547.)

### D

Milosavljevic also contends the trial court erred in instructing on unanimity because its modified version of CALCRIM No. 3501 allowed the jurors to convict him of all of the applicable counts based on an aggregate unanimity analysis without conducting unanimity analyses for each count. Alternatively stated, he argues the court's unanimity instruction allowed the jurors to find him guilty on all counts if they unanimously agreed on one act on only one of the counts.

We agree with the People's assertion that Milosavljevic has forfeited this contention by not objecting below to the language of the trial court's modified version of CALCRIM No. 3501 and/or not requesting that a unanimity instruction be given separately for each victim or count. Because the court's unanimity instruction regarding the counts listed was not reasonably likely to be understood as Milosavljevic asserts, his substantial rights were not affected and therefore a timely objection and/or request for modification or clarification was required to preserve the claim of error for purposes of appeal.[9] (§ 1259; *People v. Flood* (1998) 18 Cal.4th 470, 482, fn. 7 [76

---

[9] Because Milosavljevic does not persuade us there could be no tactical reason for his counsel not to object to, or request modification or clarification of, the trial court's unanimity instruction, we decline to address on appeal his alternative assertion that he was denied effective assistance of counsel. In any event, he has not carried his burden on appeal to show that his counsel's purported deficient representation was prejudicial to him (i.e., it is reasonably probable he would have obtained a more favorable verdict had his counsel's representation not been deficient as claimed). (*Strickland v. Washington* (1984) 466 U.S. 668, 692, 694–696 [80 L.Ed.2d 674, 104 S.Ct. 2052].)

Cal.Rptr.2d 180, 957 P.2d 869]; *People v. Kelly* (1992) 1 Cal.4th 495, 525 [3 Cal.Rptr.2d 677, 822 P.2d 385].)

■ Assuming arguendo Milosavljevic did not forfeit that claim of instructional error, we nevertheless conclude he has not shown the trial court's unanimity instruction was reasonably likely to have been interpreted by the jury in the manner he suggests. (*People v. McPeters* (1992) 2 Cal.4th 1148, 1191 [9 Cal.Rptr.2d 834, 832 P.2d 146], superseded on another ground by statute as noted in *People v. Wallace* (2008) 44 Cal.4th 1032, 1087 [81 Cal.Rptr.3d 651, 189 P.3d 911]; *People v. Smith* (2008) 168 Cal.App.4th 7, 13 [85 Cal.Rptr.3d 180].) The correctness of jury instructions is determined from the entire charge by the trial court and not from consideration of part or parts of an instruction. (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1248 [74 Cal.Rptr.2d 212, 954 P.2d 475].) We assume the jurors are intelligent persons capable of understanding and correlating all jury instructions given them. (*People v. Guerra* (2006) 37 Cal.4th 1067, 1148 [40 Cal.Rptr.3d 118, 129 P.3d 321].)

Based on our review of the unanimity instruction given by the trial court, we conclude it is *not* reasonably likely the jurors interpreted it as allowing them to find Milosavljevic guilty on all of the counts listed based solely on one unanimous finding that he committed one act constituting an element of only one of those listed counts. As quoted above, the court instructed with a modified version of CALCRIM No. 3501, stating:

"The People have presented evidence of more than one act to prove that the defendant committed *these offenses.* You must not find the defendant guilty unless:

"1. You all agree that the People have proved that the defendant committed *at least one of these acts* and *you all agree which act* he committed for *each offense*; [¶] OR

"2. You all agree that the People have proved that the defendant committed all the acts alleged to have occurred during this time period and have proved that the defendant committed at least the number of offenses charged." (Italics added.) Based on that instruction, the jurors were *not* reasonably likely to conclude they could find Milosavljevic guilty on all of the listed counts by unanimously agreeing on only one act for only one of the listed counts. Although the instruction refers to "these offenses" (referring to those offenses described in the first part of that instruction) and states that the People must prove that Milosavljevic committed "at least one of these acts," the instruction subsequently states that the jurors also must all agree on "which act [Milosavljevic] committed for *each offense*." (Italics added.)

Therefore, construing the parts of that instruction as a whole, the jurors presumably understood the court's unanimity instruction required them to all agree on an act he committed for *each* offense for a guilty finding on that offense. It is not reasonably likely the jurors interpreted that instruction to allow them to find Milosavljevic guilty of all the listed counts based solely on one unanimous finding that he committed an act regarding one count or victim.

We further reject Milosavljevic's assertion that, based on the court's unanimity instruction, "[i]t would be logical for a juror to believe that if the jury reached unanimous agreement as to one of the crimes (i.e., one count of the many), then the jury could apply a lesser standard with respect to the remaining counts." We likewise reject his additional assertion that, based on the court's unanimity instruction, the jurors were reasonably likely to have believed they could find him guilty on all counts of a particular type of offense (e.g., forcible rape) involving one victim by unanimously agreeing on only one act constituting only one of the counts involving that type of offense against that victim.[10] Accordingly, we conclude the trial court did not err in instructing the jury with its single comprehensive unanimity instruction that applied to all of the listed offenses and/or by not giving a separate unanimity instruction for each victim or count.

II

*Substantial Evidence to Support Offenses Involving Jane Doe X*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[10] Although the trial court's unanimity instruction begins with a list describing the charged offenses involving each particular victim, the instruction's failure to repeat certain of those offenses when there were two or more counts of that type of offense (e.g., forcible rape) committed against a particular victim was not likely to be understood by the jurors as allowing them to find Milosavljevic guilty on all of those types of offenses based on only one unanimous finding he committed one act constituting one of those counts without unanimous findings he committed an act constituting each of the other counts or offenses. As quoted above, the court's instruction stated that a guilty finding required them to "all agree which act he committed for each offense." The jurors were not likely to have understood "each offense" in that instruction as meaning each *category* or *type* of offense (e.g., forcible rape) instead of *each count or charged offense* alleged against Milosavljevic.

[*]See footnote, *ante*, page 640.

## III

### *Section 222 Convictions*

Milosavljevic contends his two convictions (counts 5 and 52) for violation of section 222 must be reversed because the trial court erred by not instructing on the definition of the term "intoxicating agent," as used in that statute. Because we reverse his conviction on count 52 on other grounds as discussed above, we need only address whether the court erred in instructing on count 5 regarding a section 222 offense.

### A

Section 222, enacted in 1874, provides: "Every person guilty of administering to another any chloroform, ether, laudanum, or any controlled substance, anaesthetic, or *intoxicating agent*, with intent thereby to enable or assist himself or herself or any other person to commit a felony, is guilty of a felony." (Italics added.) Without objection by Milosavljevic, the trial court instructed on the charged section 222 offenses:

"The defendant is charged in Counts 5 and 52 with administering an *intoxicating agent* to assist himself in commission of a felony. In order to find the defendant guilty, you must find: [¶] 1. The defendant administered an *intoxicating agent*; [and] [¶] 2. At the time the *intoxicating agent* was administered, he had the specific intent to enable or assist himself to commit a felony. Refer to the instruction that defines specific intent.

"The crimes of Rape by Force [or] Fear, Oral Copulation by Force or Fear, Penetration by Force or Fear, Sodomy by Force or Fear[,] and False Imprisonment are felonies. Refer to the instructions for each of these charged crimes." (Italics added.)

### B

In criminal cases, a trial court has the duty to instruct sua sponte on the general principles of law relevant to the issues raised by the evidence (i.e., those principles closely and openly connected with the facts and necessary for the jury's understanding of the case). (*People v. Breverman* (1998) 19 Cal.4th 142, 154 [77 Cal.Rptr.2d 870, 960 P.2d 1094].) A trial court also has a duty to instruct sua sponte on all of the elements of a charged criminal offense. (*People v. Cummings* (1993) 4 Cal.4th 1233, 1311 [18 Cal.Rptr.2d 796, 850 P.2d 1].) Generally, a party may not complain on appeal that an instruction correct in law was too general or incomplete unless that party has requested appropriate clarifying or amplifying language. (*People v.*

*Catlin* (2001) 26 Cal.4th 81, 149 [109 Cal.Rptr.2d 31, 26 P.3d 357].) However, if the trial court's instructions do not correctly set forth the elements of the charged crime, a defendant's substantial rights are affected and no objection is required below for the defendant to challenge that instruction on appeal. (*People v. Hillhouse* (2002) 27 Cal.4th 469, 503 [117 Cal.Rptr.2d 45, 40 P.3d 754].)

C

Milosavljevic contends the trial court erred in instructing on the elements of a section 222 offense because it did not define the term "intoxicating agent," which he asserts is a technical term under section 222. He argues that without a definition, the jurors were not correctly instructed on the elements of a section 222 offense, thereby requiring reversal of count 5 (and count 52, which we reverse on other grounds as discussed above). He argues the trial court was required to instruct sua sponte with language defining the term "intoxicating agent," as the trial court did in *People v. Cline* (1934) 138 Cal.App. 184 [31 P.2d 1095] (*Cline*).

In *Cline*, the trial court described the term "intoxicating agent" in instructing on the charged section 222 offense in that case:

" 'You are instructed that the term "intoxicating agent" as used in the law and in this case *includes* any drug or substance or compound which when introduced into the human system so affects or disturbs the human system as to cause or produce a serious disturbance of the physical or mental equilibrium by causing or producing profound sleep, stupor, unconsciousness or semi-consciousness, together with impairment of the power of self control.

" 'And in this connection you are instructed that if you find from the evidence beyond a reasonable doubt that phenobarbital, also known as luminal, is an intoxicating agent, as hereinabove defined; and if you further find from the evidence beyond a reasonable doubt that at the time and place set forth in Count Two of the information, the defendant . . . did administer said phenobarbital, also known as luminal, to [the alleged victim] with intent thereby to enable or assist himself . . . to commit the crime of Grand Theft, a felony, then you must find the defendant guilty as set forth in Count Two of the Information.' " (*Cline, supra*, 138 Cal.App. at pp. 195–196, italics added.) On appeal, *Cline* rejected the defendant's contention that the trial court erred in instructing on a section 222 offense, stating the trial court "merely attempted to give a broad definition of certain things included in one of the terms of the section for the assistance of the jury, without excluding other possible elements." (*Cline*, at p. 196.) *Cline* noted that section 222, "after naming certain well-known drugs having a stupefying effect, proceeds to

include any other narcotic, anaesthetic or intoxicating agent. While that portion of the instruction may seem to more properly apply to a narcotic than to an intoxicating agent, we are unable to see that it does not also fit the latter." (*Cline,* at p. 196.) *Cline* concluded: "The record does not disclose that the defendant at any time asked for an instruction purporting to define a narcotic and an anaesthetic, or any of the other drugs named in the section and, in the absence of any request for further definitions, we see no prejudicial error in the court failing to define the other words used in the section. There is ample evidence that luminal is an intoxicating agent, the question of fact was left to the jury, and if in any respect the first part of the instruction may be considered erroneous, the appellant has failed to point out any prejudice resulting therefrom and a reading of the record fails to indicate a miscarriage of justice." (*Ibid.*)

The *Cline* court did *not* adopt the trial court's description of a section 222 offense as a complete and accurate description of that offense or of an "intoxicating agent" under section 222. Rather, *Cline* appeared to criticize the trial court's description of an "intoxicating agent," commenting that it "may seem to more properly apply to a narcotic than to an intoxicating agent." (*Cline, supra,* 138 Cal.App. at p. 196.) Furthermore, *Cline* did not decide whether the trial court's description of an "intoxicating agent" under section 222 was complete and accurate, but rather decided that, assuming that instruction was erroneous, the defendant had failed to show any prejudice resulting from that assumed error. (*Cline,* at pp. 196–197.) In any event, our review of the trial court's instruction in *Cline* shows that it was intended only to describe some of the drugs or substances and their effects that may be *included* in the term "intoxicating agent" and not to provide a comprehensive, complete, and accurate definition of that term. We decline to adopt the description of "intoxicating agent" in the trial court's instruction in *Cline* as a required description.

■ Furthermore, based on our review of the statutory language of section 222, we conclude the term "intoxicating agent" has a common meaning and therefore is *not* a technical term, as Milosavljevic asserts, requiring further definition by the trial court. We believe the meaning of the term "intoxicating substance," as used in section 286, subdivision (i), is substantially similar to the term "intoxicating agent" in section 222. Section 286, subdivision (i), provides: "Any person who commits an act of sodomy, where the victim is prevented from resisting by an *intoxicating* or anesthetic *substance,* or any controlled substance, and this condition was known, or reasonably should have been known by the accused, shall be punished by imprisonment . . . ." (Italics added.) In *People v. Avila* (2000) 80 Cal.App.4th 791 [95 Cal.Rptr.2d 651], the court concluded the purpose of section 286, subdivision (i), "is to define the crime in terms that clearly warn against the commission of sodomy on a victim whose ability to resist, i.e., to refuse consent, is prevented by

substances having anesthetic or intoxicating effects, or the effects caused by controlled substances." (*Avila*, at p. 798.) *Avila* rejected the defendant's contention that the Legislature was required to define the terms "intoxicating substance" and "anesthetic" (i.e., what constitutes an intoxicating substance or anesthetic) for that statute to be constitutional. (*Ibid.*) *Avila* concluded: "Given the purpose of the statute, the Legislature did not intend these terms to be used with pharmacological exactitude but in accordance with the meanings the words 'bear in ordinary use.' [Citation.]" (*Ibid.*, fn. omitted.)

We conclude that, like the term "intoxicating substance" in section 286, subdivision (i), the term "intoxicating agent" in section 222 has a common meaning based on its ordinary use and therefore does not require further definition by the trial court. We presume jurors in their ordinary lives are familiar with substances or agents that are "intoxicating." We conclude the trial court did not err by not giving sua sponte a definition of the term "intoxicating agent" when it defined a section 222 offense. Rather, the court correctly instructed on the elements of a section 222 offense. Had Milosavljevic wanted a specific definition of the term "intoxicating agent," he should have requested appropriate clarifying or amplifying language to the court's instruction. (*People v. Catlin, supra*, 26 Cal.4th at p. 149.) Because he did not do so, he cannot challenge the trial court's instruction on appeal. (*Ibid.*)[11] Furthermore, to the extent he asserts there was evidence of multiple intoxicating agents that could have supported his conviction on count 5 and therefore the requirement of juror unanimity was not met, he does not carry his burden on appeal to cite to evidence in the record to support that assertion.[12] *People v. Failla* (1966) 64 Cal.2d 560 [51 Cal.Rptr. 103, 414 P.2d 39], cited by Milosavljevic, is inapposite and does not persuade us to conclude otherwise.

## IV

### *Section 1465.8 Fine**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[11] To the extent Milosavljevic asserts he was denied effective assistance of counsel because his counsel did not request clarifying or amplifying language regarding the meaning of the term "intoxicating agent" under section 222, he has not carried his burden on appeal to show it is reasonably probable he would have obtained a more favorable result had his counsel made such a request. (*Strickland v. Washington, supra*, 466 U.S. at pp. 692, 694–696.)

[12] Unlike count 52, the count 5 offense of administering an intoxicating agent to assist in the commission of a felony against Jane Doe I was included in the trial court's modified instruction with CALCRIM No. 3501 regarding the requirement for a guilty finding that the jurors unanimously agree on the elements that constituted the offense.

*See footnote, *ante*, page 640.

## DISPOSITION

Milosavljevic's conviction on count 52 for violation of section 222 is reversed and his section 1465.8 fine is reduced to $740. In all other respects, the judgment is affirmed. The matter is remanded to the trial court with directions that it prepare an amended abstract of judgment reflecting the reduction in his sentence to an aggregate of 940 years to life in prison and reduction in his section 1465.8 fine to $740, and forward a copy to the Department of Corrections and Rehabilitation.

McConnell, P. J., and Aaron, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 21, 2010, S182418.