Filed 7/26/21  P. v. Grandersin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091122 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE011692) |
| v. | |
| DEANDREW DERRELL GRANDERSIN, | |
| Defendant and Appellant. | |

After a jury found defendant Deandrew Derrell Grandersin guilty of battery resulting in the infliction of serious bodily injury and assault by means of force likely to produce great bodily injury, the trial court sentenced him to seven years in state prison and imposed various costs.  On appeal, he contends the trial court's unanimity jury instruction was "insufficient" in light of the People's failure to elect which act applied to each of the two counts he faced.  We agree with the People that this contention is forfeited on appeal.  We will modify the judgment regarding some of the costs imposed and otherwise affirm.

1

# I. BACKGROUND

On May 28, 2019, defendant and his friend were travelling by car in the Sacramento area, when they got out of the car to try to resolve an argument. Defendant's friend, the victim, testified that he remembered getting back in the car, and then waking up in a hospital. Defendant testified that when the men were outside the car, the victim challenged him to fight and hit him in the head. Defendant feared the victim "was gonna keep trying to hit" him, so defendant punched the victim in the jaw, "in self-defense." The victim immediately fell forward. Defendant started "jumping up and down," and— "mad that [he] ha[d] to fight [the victim] and hit him"— exclaimed, " 'Man . . . what the fuck?' "

Two people who had no previous connection to defendant or the victim testified that on May 28, 2019, after they observed two men arguing loudly in a Sacramento parking lot, they saw one of the men "stomping" on the neck/head of the man who was lying on the ground. One witness estimated the upright man stomped on the prostrate man (who appeared to be unconscious) "maybe 10 or so times," "very, very hard."

Defendant maintained that he did not kick or stomp on the victim's head. He insisted that he merely "jumped up and down" while screaming, " 'Why . . . the fuck did you want me to fight you?' "

The victim's jaw was broken in multiple places, and there was a fracture on the upper cheekbone on the left side of his face. A medical doctor who testified about the injuries could not say if the injuries were caused by one or multiple blows.

In September 2019, a Sacramento prosecutor filed an information containing two charges: battery resulting in the infliction of serious bodily injury (Pen. Code, § 243, subd. (d)—count one),[1] and assault by means of force likely to produce great bodily

---

[1] Further undesignated statutory references are to the Penal Code.

2

injury (§ 245, subd. (a)(4)—count two). The information further alleged defendant suffered a prior "strike" conviction in 2010 (§§ 667, subds. (b)-(i), 1170.12), and, as to count two, that defendant inflicted great bodily injury (GBI) upon the victim (§ 12022.7, subd. (a)).

During the jury trial, and before defendant presented his case, the trial court and the parties discussed jury instructions, with the understanding that—as the trial court explained—the instructions would "need to be revisited at the end of the trial after all the evidence [was] taken." Defense counsel told the trial court that he "[would] be asking for a unanimity instruction, [CALCRIM No.] 3500," because there were "multiple charges" and "multiple hits, strikes, that could be considered"—"the initial punch and . . . the stomping, so . . . it's going to be important for the jurors to be able to just have some direction . . . , was it the hit that caused the GBI or was it the stomps on the ground that caused the GBI?"

The prosecutor disagreed that a unanimity instruction was warranted, "especially given" the uncertain state of the evidence. "I request to revisit this after the trial, but I would be objecting at this time," she said.

The trial court explained that it would plan to give the unanimity instruction "for now[,] depending on" later testimony; but the issue would be "revisit[ed]."

Nothing in the appellate record indicates that further discussion regarding the unanimity instruction occurred.

In closing argument, the prosecutor said defendant did not act in self-defense at any point, "[b]ut even if" defendant punched the victim in self-defense, "it doesn't matter because he's still guilty. [¶] He's still guilty because . . . when a man's down, you can't kick him. When a man is helpless on the ground, you can't kick him. And when [the victim] was on the ground, the defendant not only kicked him; he stomped his head into the concrete."

The prosecutor discussed the unanimity instruction: "[O]n unanimity. Hard to say, but all that means is that you can find him guilty in more than one way. You just all have to agree on which action you find meets the elements. [¶] So whether it's the punching or the stomping on his head, it's all one course of conduct, but you all have to agree. It doesn't matter because he's guilty no matter what on whatever action."

Defense counsel argued defendant acted in self-defense when he "thr[e]w that punch" that "knock[ed] out" the victim and broke his jaw, and that—in part because the medical doctor could not say whether the victim's injuries were caused by more than one blow—the prosecution had not proved beyond a reasonable doubt that defendant stomped on the victim's head.

Regarding unanimity, defense counsel said: "The prosecutor has presented evidence of more than one act to prove that the defendant committed the charged offenses. So what are the acts that we're talking about here? There is the punch and there's the alleged stomping. So those are the acts that we're talking about here, two distinct acts. [¶] So you must not find the defendant guilty unless you all agree that the People have proved the defendant committed at least one of these acts and you all agree which act he committed. And . . . was it the punch or the alleged stomp that caused the great bodily injury?"

The trial court provided the jury with a unanimity instruction that tracked language in CALCRIM No. 3500: "The People have presented evidence of more than one act to prove that the defendant committed the charged offenses. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed."

Immediately following provision of modified CALCRIM No. 3500, the trial court instructed the jury: "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one." (See CALCRIM No. 3515)

4

In November 2019, the jury found defendant guilty on both counts of the information and found the GBI allegation "true." Later, the jury found "true" the prior strike allegation.

In December 2019, the trial court sentenced defendant to seven years in state prison, consisting of the lower term of two years for the assault, doubled to four years for the prior strike, and a consecutive term of three years for the GBI enhancement to the assault. Regarding the battery, the trial court imposed the middle term of three years but stayed the term pursuant to section 654.

Regarding costs, the trial court said "[o]nly mandatory minimum fines and fees [would] be imposed. Any discretionary fines and fees [would] be stricken." The trial court referenced its own "modifications" to "fines and fees" on specific pages of the probation report.

Handwritten notations on the probation report in the appellate record indicate the trial court imposed a $40 court operations assessment (§ 1465.8) and a $30 court facility fee (Gov. Code, § 70373), rather than the $80 and $60 amounts that the probation officer recommended.

Defendant timely appealed.

## II. DISCUSSION

### A.     *Unanimity Instruction*

Defendant claims the trial court's unanimity instruction was "insufficient," because—given the People's "fail[ure] to elect which act applied to each of the separate counts"—the trial court should have "instruct[ed] the jurors that they were to make a decision as to which act applied to each offense." By failing to do so, defendant suggests, the trial court "lump[ed] the acts together, and erroneously instruct[ed] as if the acts were a continuing course of conduct."

The People contend defendant's argument is forfeited on appeal, because defendant "did not request that the trial court alter the unanimity instruction or give it

5

multiple times." On the merits, the People contend the trial court did not err and that any error was harmless.

Defendant maintains the argument is not forfeited. He suggests that defendant had no "reason to reraise the issue" of the unanimity instruction, because "[i]t was the People who had objected to the instruction and asked to revisit the matter following the testimony of witnesses." Further, defendant contends case law "demonstrates" that "unless the court's unanimity instruction is specific as to each count, such instruction is deficient, and the judgment must be reversed."

We agree with the People that defendant's claim is forfeited on appeal.

The parties agree that *People v. Milosavljevic* (2010) 183 Cal.App.4th 640 (*Milosavljevic*) is good authority for analysis of the forfeiture question.

In that case, the defendant was convicted of 38 counts of rape and related offenses against multiple victims, including administering an intoxicating agent to assist in the commission of a felony (§ 222). (*Milosavljevic*, *supra*, 183 Cal.App.4th at p. 643.) The trial court instructed the jury pursuant to CALCRIM No. 3501 as to the unanimity requirement regarding certain offenses committed against multiple victims, but omitted count 52 (which concerned the § 222 allegation) from its list of charged offenses to which the unanimity instruction applied. (*Milosavljevic*, *supra*, at p. 646.)

The appellate court ruled that since the record reflected multiple possible acts by defendant, "any one of which could have supported a guilty finding on count 52," the omission was error that affected the defendant's substantial rights, and therefore could be raised on appeal despite defendant's failure to object in the trial court. (*Milosavljevic*, *supra*, 183 Cal.App.4th at p. 647.)

But the appellate court ruled defendant did forfeit a separate claim of error (that the instruction "allowed the jurors to convict him of all the applicable counts based on an aggregate unanimity analysis without conducting unanimity analyses for each count") "by not objecting below to the language of the trial court's modified version of

6

CALCRIM No. 3501 and/or not requesting that a unanimity instruction be given separately for each victim or count," as the instruction given "was not reasonably likely to be understood as [defendant] assert[ed]," and therefore his "substantial rights were not affected." (*Milosavljevic*, *supra*, 183 Cal.App.4th at p. 648.)

Defendant argues his case falls under the nonforfeiture scenario described in *Milosavljevic*. But it falls under the forfeiture scenario, because it was not reasonably likely that the jury understood the trial court's unanimity instruction as defendant asserts —"as if the acts were a continuing course of conduct."

"The correctness of jury instructions is determined from the entire charge by the trial court and not from consideration of part or parts of an instruction. [Citation.] We assume the jurors are intelligent persons capable of understanding and correlating all jury instructions given them." (*Milosavljevic*, *supra*, 183 Cal.App.4th at p. 649.)

Here, *immediately following* provision of a modified CALCRIM No. 3500, the trial court instructed the jury to "consider each count separately," because "[e]ach of the counts charged . . . [was] a separate crime." Accordingly, in the context of the trial court's entire charge, it was not reasonably likely the trial court's unanimity instruction was understood as defendant asserts.

And "[b]ecause the court's unanimity instruction . . . was not reasonably likely to be understood as [defendant] asserts, his substantial rights were not affected and therefore a timely objection and/or request for modification or clarification was required to preserve the claim of error for purposes of appeal."[2] (*Milosavljevic*, *supra*, 183 Cal.App.4th at p. 648.)

---

[2] To the extent defendant contends he did not have to object to preserve his claim because the People "objected to the instruction and asked to revisit the matter following the testimony of witnesses," the contention, lacking any citation to authority, is unpersuasive. (Cf. *People v. Ennis* (2010) 190 Cal.App.4th 721, 736 [holding defendant "forfeited any

*B.*     *Fines and Fees*

The trial court purported to impose "[o]nly mandatory minimum fines and fees," before it ordered defendant to pay $40 for the statutory mandatory court operations assessment (§ 1465.8) and $30 for the statutory mandatory court facility fee (Gov. Code, § 70373).

Because the relevant statutory provisions mandate imposition of the assessments for *each conviction*, the trial court was required to impose a $30 court facilities assessment and a $40 court operations assessment on each count.  (See Gov. Code, § 70373, subd. (a)(1) ["To ensure and maintain adequate funding for court facilities, [a $30] assessment shall be imposed on every [felony] conviction for a criminal offense"]; § 1465.8, subd. (a)(1) ["To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense"].)

As neither assessment constitutes punishment (*People v. Alford* (2007) 42 Cal.4th 749, 757 [§ 1465.8]; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492-1494, [Gov. Code, § 70373]), section 654's stay rule does not apply.  (See, e.g., *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371.)

Accordingly, the trial court imposed an unlawful sentence that may be modified at any time.  (See *People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.)

Because defendant was convicted of *two* felonies, we will modify the judgment to impose two $40 court operations assessments for a total of $80, and two $30 court facilities assessments for a total of $60, respectively.

---

claim of error" because he "decided not to pursue the matter further, and thus . . . abandoned the issue"].)

Finally, we note the abstract of judgment incorrectly indicates the stayed sentence for the battery is "0" years and "0" months. This error should be corrected by the clerk of the trial court.

### III.  DISPOSITION

The judgment is modified to impose a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373) as to each of the two counts, resulting in costs of $80 and $60, respectively. In all other respects, the judgment is affirmed.

The clerk of the trial court shall amend the abstract of judgment to reflect the modified judgment and to reflect that the stayed sentence on count one is three years. The clerk of the trial court shall deliver a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

MURRAY, J.

9