Filed 1/25/24  P. v. Delgado CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE LUIS DELGADO,<br><br>    Defendant and Appellant. | G062035<br><br>(Super. Ct. No. 20CF3443)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

*      *      *

A jury convicted Jose Luis Delgado of eight counts of sexual abuse of his niece, Jane Doe, as follows:  two counts of lewd acts upon a child under 14 (counts 1 and 2; Pen. Code,[1] § 288, subd. (a)); three counts of sexual intercourse with, or sodomy of, a child 10 years or younger (counts 3, 4, and 5; § 288.7, subd. (a)); and three counts of oral copulation or sexual penetration of a child 10 years or younger (counts 6, 7, and 8; § 288.7, subd. (b)).  The trial court sentenced Delgado to an aggregate term of 90 years to life in prison, consisting of consecutive 25-years-to-life terms on counts 3, 4, and 5, plus 15 years to life consecutively on count 6, and concurrent terms on counts 1, 2, 7, and 8.

Delgado's sole contention on appeal is that the trial court's unanimity instruction (CALCRIM No. 3501) did not require the jury to reach a unanimous verdict as to the acts underlying each of the eight charged counts.  More than 10 years ago our colleagues in Division One of the Fourth District considered and rejected this identical contention in *People v. Milosavljevic* (2010) 183 Cal.App.4th 640 (*Milosavljevic*).  We agree with their analysis.  We therefore affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

At age 14, Jane Doe reported to a school counselor, her parents, and police that Delgado, her uncle, had been molesting her.  Jane testified the abuse began when she was seven or eight years old, and Delgado lived with her family.  The first inappropriate contact she remembered was Delgado pulling down her pants in the kitchen when her

---

[1] All further undesignated statutory references are to the Penal Code.

parents were at work and then pulling them up when he heard someone enter the front door. Delgado also often rubbed her inner thigh near her vagina when they were in the car together. Around this same time, but after he moved into his own apartment, Jane recalled Delgado climbing on top of her and forcing his penis inside her vagina. She testified in detail regarding the circumstances of the attack.

Jane recalled that on another occasion before Delgado moved out of her family's apartment, he penetrated her vagina with his fingers while her pants were halfway down. Jane testified he touched and rubbed her vaginal region more than ten times. Once she woke up to find his mouth on her vagina; this was the only instance of oral copulation she recalled at trial. She testified Delgado bought her gifts before sexually abusing her.

After waiving his *Miranda* rights, Delgado spoke to officers in a recorded interview that was played for the jury. He first told the detectives that his penis rested only at the entrance of Jane's vagina; he left it there because he thought she liked it and he believed it "felt good" for her, observing also that she "would not tell me no." He admitted he penetrated her vagina 10 times by his estimate. He also admitted orally copulating her vagina and her "butt" as many as 15-16 times.

**DISCUSSION**

A jury's verdict in a criminal case must be unanimous. (*Ramos v. Louisiana* (2020) 590 U.S. __, 140 S.Ct. 1390, 1401-1402, 1408; *People v. Jones* (1990) 51 Cal.3d 294, 316-322; *People v. Superior Court (Thomas)* (1967) 67 Cal.2d 929, 932.) Thus, "cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) Delgado contends the trial court's jury instructions violated his right to a unanimous verdict.

3

The trial court gave the jury CALCRIM No. 3501, the unanimity instruction that applies when, as provided in the instruction's headnote, there has been "Generic Testimony of Offense[s]," e.g., when there is evidence of "numerous, repeated acts of child molestation over a period of time, but the witness is unable to give specifics on time and date." (Judicial Council of Cal., Crim. Jury Instns. (Rev. 2014) Bench Notes to CALCRIM No. 3501; see, e.g., *People v. Jones* (1990) 51 Cal.3d 294, 316.) CALCRIM No. 3501's introductory paragraph, as given by the court, and with our underlining indicating the blanks in the form instruction in which the court inserted the pertinent offenses and counts for the jury to decide, along with their date range, was as follows: "The defendant is charged with <u>committing lewd acts with a child 13 years old or younger, sexual intercourse with a child under 11 years old, oral copulation of a child under 11 years old</u>, charged [*sic*: "charged" is mistakenly stated twice] <u>in Counts 1-8</u> sometime during the period of <u>August 1, 2011</u> to <u>July 31, 2014</u>."

The court then gave the substantive provisions of the instruction with no alteration of the CALCRIM No. 3051 form instruction: "The People have presented evidence of more than one act to prove that the defendant committed these. . . offenses. You must not find the defendant guilty unless: [¶] 1. You all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed for each offense; [¶] OR [¶] 2. You all agree that the People have proved that the defendant committed all the acts alleged to have occurred during this time period and have proved that the defendant committed at least the number of offenses charged."

Delgado argues that this standard language was erroneous "because it did not tell the jury that it needed to conduct a unanimity analysis once <u>per count</u> and instead referenced unanimity as once <u>per offense</u> after listing a long list of three offenses and eight counts." (Original underlining.)

4

We are not persuaded.  In effect, Delgado argues the prosecutor could have charged an infinite number of counts for these offenses and, if the jury found he committed just one instance of each *category* or *type* of the listed offenses, i.e., "lewd acts" or "sexual intercourse" or "oral copulation," the jury would have understood the instruction to mean that he was guilty of however many counts were charged.  We disagree as we do not believe the instruction is susceptible to this interpretation given that it says:  "You must not find the defendant guilty unless," in paragraph 1, "*you all agree on which act* he committed *for each offense*" (italics added), or alternatively in paragraph 2, "*[y]ou all agree . . .* defendant committed *all the acts* alleged," including "*at least* the number of offenses charged" (italics added).

The court in *Milosavljevic* rejected an identical challenge to CALCRIM No. 3051.  The court held that jurors "were *not* reasonably likely to conclude they could find [the defendant] guilty on all of the listed counts by unanimously agreeing on only one act for only one of the listed counts."  (*Milosavljevic*, *supra*, 183 Cal.App.4th at p. 649.)  Instead, they "presumably understood the court's unanimity instruction required them to all agree on an act he committed for *each* offense for a guilty finding on that offense."  (*Id.* at p. 650.)

We reach the same conclusion.  Jury instructions may not be read in isolation.  (*People v. Jennings* (2010) 50 Cal.4th 616, 677; see CALCRIM No. 200 [instructing Delgado's jury:  "Pay careful attention to all of these instructions and consider them together"].)  Here, immediately after reading CALCRIM No. 3501, the court told the jury that "[e]ach of the counts charged in this case is a separate crime.  You must consider each count separately and return a separate verdict for each one." (CALCRIM No. 3515.)  The court reiterated the unanimity requirement in instructing the jury on filling out verdict forms for greater and lesser included offenses (CALCRIM No. 3517:  "guilty" only if "all of you agree") and reaffirmed this requirement as to completing verdict forms generally:  "[i]f you are able to reach a unanimous decision *on*

*only one or only some of the charges*, fill in those verdict forms *only . . . .*" (CALCRIM No. 3550, italics added.)  Against this backdrop, we agree with our colleagues in Division One that "jurors were not likely to have understood 'each offense' in [CALCRIM No. 3051] as meaning each *category* or *type* of offense (e.g., forcible rape) instead of *each count or charged offense* alleged against [the defendant]." (*Milosavljevic*, *supra*, 183 Cal.App.4th at p. 650, fn. 10, original italics.)  We find no merit in Delgado's instructional challenge.[2]

---

[2]     Although we have addressed Delgado's claim on the merits, we note also that, strictly speaking, we agree with respondent's alternative arguments that Delgado forfeited his instructional challenge and that any possible error in instructing the jury with CALCRIM No. 3501 was harmless.  If Delgado desired further clarity or he perceived a latent ambiguity in the instruction, an objection was necessary to preserve his appellate claim.  "A party may not argue on appeal that an instruction correct in law was too general or incomplete, and thus needed clarification, without first requesting such clarification at trial." (*People v. Hillhouse* (2002) 27 Cal.4th 469, 503; accord, *Milosavljevic*, *supra*, 183 Cal.App.4th at p. 648.)

Additionally, we find any conceivable error in the instruction harmless beyond a reasonable doubt.  (*People v. Hendrix* (2022) 13 Cal.5th 933.)  The evidence at trial presented the model use case for the trial court to give CALCRIM No. 3051, namely, "when there is no reasonable likelihood of juror disagreement as to particular acts, and the only question is whether or not the defendant in fact committed all of them." (*Jones*, *supra*, 51 Cal.3d at pp. 321-322.)  At appellate defense counsel's request, we have examined Delgado's admissions in his police interview and do not find anything to suggest that a less-than-unanimous verdict on some counts was reasonably possible absent the instruction's invitation for the jury to consider globally whether the prosecutor "proved that [he] committed all the acts alleged."

## DISPOSITION

The judgment is affirmed.


                                             GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.