Filed 12/10/25  P. v. Lozano CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MARTIN LOZANO,<br><br>  Defendant and Appellant. | D084895<br><br><br>(Super. Ct. No. SCN434837) |


APPEAL from a judgment of the Superior Court of San Diego County, Kelly C. Mok, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Daniel Rogers, Assistant Attorney General, Amanda Lloyd and Alana Cohen Butler, for Plaintiff and Respondent.

A jury convicted Martin Lozano on ten counts of committing lewd or lascivious acts under Penal Code[1] section 288.  Lozano challenges his convictions, claiming the standard unanimity instruction given by the trial court deprived him of his right to a unanimous verdict.  We find the court adequately informed the jury of Lozano's right to a unanimous verdict on every count.  Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Lozano was charged with eight counts of committing a lewd or lascivious act upon a child under section 288, subdivision (a) (counts 3 through 10), and two counts of forcibly committing a lewd or lascivious act upon a child under section 288, subdivision (b)(1) (counts 1 and 2).  Counts 1 through 6 alleged crimes against F.L. and counts 7 through 10 alleged crimes against S.L.

We will not discuss the evidence in significant detail, as it is largely irrelevant to our disposition of this appeal.  However, Lozano acknowledges "the evidence [presented at trial] showed" "[m]ultiple incidents of [Lozano] touching [F.L.'s] back, chest and private parts while sitting on his lap"; "[t]wo specific incidents of touching [F.L.'s] vagina in the bedroom"; and "[a]n incident of inappropriate butt touching in the kitchen."  With respect to S.L., he concedes "the evidence showed" he "[t]ouched [S.L.'s] chest under her clothes"; "[t]ouched her buttocks and vagina under her clothes on multiple occasions"; and "[g]rabbed and stroked her vagina."

During an initial jury instruction conference, the trial court stated its intention to give a modified version of former CALCRIM No. 3501.  At the time of trial, the model version of that instruction read:

_____

[1]    All statutory references are to the Penal Code.

2

"The defendant is charged with _____<insert description[s] of offense[s]> [in Count[s] _____] sometime during the period of _____ to _____.

"The People have presented evidence of more than one act to prove that the defendant committed (this/these) offense[s]. You must not find the defendant guilty unless:

"1.  You all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act (he/she) committed [for each offense];

"OR

"2.  You all agree that the People have proved that the defendant committed all the acts alleged to have occurred during this time period [and have proved that the defendant committed at least the number of offenses charged]."  (Judicial Council of Cal. Crim. Jury Instns. (2024), former CALCRIM No. 3501.)

At a final conference, the court indicated that jury instructions, including the modified version of former CALCRIM No. 3501, had been finalized.  As Lozano concedes, his counsel did not object to the modified version of former CALCRIM No. 3501 or request a clarifying instruction, and the court ultimately instructed the jury as follows:

"The defendant is charged with lewd act upon a child by force or fear, that's [F.L.], in Counts 1 and 2, lewd act upon a child, [F.L.], in Counts 3, 4, 5, and 6, and lewd act upon a child, [S.L.], in Counts 7, 8, 9, and 10.

"The People have presented evidence of more than one act to be prove that the defendant committed these offenses.  You must not find the defendant guilty unless, No. 1, you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed for each offense, or No. 2, you all agree that the People have proved that the defendant committed all the acts alleged to have occurred during this time period and have proved that the defendant committed at least the number of offenses charged."

3

The court then read former CALCRIM No. 3515: "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one."

The jury found Lozano guilty on all counts. The trial court sentenced him to 75 years to life in prison.

## DISCUSSION

"In a criminal case, a jury verdict must be unanimous." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) Because "the jury must agree unanimously the defendant is guilty of a specific crime," "when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." (*Ibid.*) In the latter case, the trial court has a sua sponte obligation to give a standard unanimity instruction, either CALCRIM No. 3500 or 3501. (See *People v. Jones* (1990) 51 Cal.3d 294, 321–322; *People v. Milosavljevic* (2010) 183 Cal.App.4th 640, 646 (*Milosavljevic*).)

Lozano argues the unanimity instruction given by the court deprived him of his right to a unanimous verdict. He argues that, due to the use of the term "offense" rather than "count," the version of former CALCRIM No. 3501 given by the court "created a dangerous possibility that jurors could use their unanimous agreement about the strongly-corroborated Count 1 incident to more easily convict on weaker counts." In the alternative, Lozano suggests the jury could have understood it only had to unanimously find one criminal act supporting each statutory offense charged or each "grouping" of charges— (1) lewd acts by force against F.L. as alleged in counts 1 and 2, (2) lewd acts against F.L. as alleged in counts 3 through 6, and (3) lewd acts upon S.L. as alleged in counts 7 through 10.

4

Lozano forfeited these arguments by failing to make an appropriate objection in the trial court. His principal concern is with the term "offense," which is in the model instruction and was not added by the trial court when modifying former CALCRIM No. 3501 for use at trial. " ' "Generally, a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language." ' " (*People v. Catlin* (2001) 26 Cal.4th 81, 149.) It was incumbent on Lozano to request different or additional language if he believed the standard instruction was inadequate under the circumstances. (See *Milosavljevic, supra,* 183 Cal.App.4th at p. 648 [defendant forfeited similar argument "by not objecting below to the language of the trial court's modified version of CALCRIM No. 3501 and/or not requesting that a unanimity instruction be given separately for each victim or count"].)[2]

Even if he had preserved the issue for appeal, Lozano has not shown a reasonable likelihood that the jury understood the instruction in a manner that violated his right to a unanimous verdict. (See *People v. Benson* (1990) 52 Cal.3d 754, 801.) When considering a claim of instructional error, " 'we must consider the instructions as a whole' " and " 'assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given.' " (*People v. Yoder* (1979) 100 Cal.App.3d 333, 338.) Under this standard, we see no reasonable possibility that the jurors interpreted the instruction to require unanimity only as to one act supporting

---

2 Because we find the unanimity instruction was appropriate, Lozano's "substantial rights . . . were [not] affected." (§ 1259.) For the same reason, he has not shown trial counsel's failure to object to the instruction constituted deficient performance. (See *Strickland v. Washington* (1984) 466 U.S. 668, 692, 694–696.)

one of several similar counts.  The jurors were specifically instructed they had to "all agree on which act he committed for *each* offense."  (CALCRIM No. 3501, italics added.)  It is therefore unclear how the jurors could have been misled into believing they could convict on all counts based on the evidence supporting count one.

Nor do we think there is a reasonable likelihood the jury understood "each offense" to mean each statutory offense (as defined under section 288, subdivisions (a) and (b)(1)).  An intelligent person would not assume an act committed against one victim would support a conviction concerning a different victim.  And, although the instruction grouped counts by victim and statutory offense, we think it is improbable the jury interpreted the bare term "offense" to refer to these three *categories* of offenses.  (See *Milosavljevic, supra*, 183 Cal.App.4th at p. 650, fn. 10 [rejecting nearly identical argument].)

Any potential confusion by referring to "offenses" instead of "counts" was mitigated by the court's subsequent directive that "[e]ach of the counts charged in this case is a separate crime" and that the jury "must consider each count separately and return a separate verdict for each one." (CALCRIM No. 3515.)  In context, we do not see any reasonable likelihood the jury understood the unanimity requirement to apply to only one act for each statutory offense or grouping of counts.

6

## DISPOSITION

The judgment is affirmed.

DATO, J.

WE CONCUR:

IRION, Acting P. J.

RUBIN, J.